UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA LEE MOSHER,

        Petitioner,                Case No. 1:16-cv-1424

v.                                              Honorable Gordon J. Quist

TONY TRIERWEILER,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

### Discussion

    I.      Factual allegations

Petitioner Joshua Lee Mosher is presently incarcerated with the Michigan Department of Corrections at the Bellamy Creek Correctional Facility in Ionia, Michigan. Petitioner is serving

three concurrent sentences of 25 to 50 years' imprisonment following his February 17, 2014 conviction on three counts of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b(1)(a).

With the assistance of counsel, Petitioner appealed his convictions to the Michigan Court of Appeals. He raised two issues:

> I. DETECTIVE TAMMINGA REPEATEDLY VOUCHED FOR THE TRUTH AND CREDIBILITY OF THE COMPLAINANT THROUGHOUT THE COURSE OF THE VIDEO INTERROGATION OF MR. MOSHER THAT WAS PLAYED FOR THE JURY. WAS THIS INCESSANT VOUCHING IMPROPER AND PREJUDICIAL, DID IT INVADE THE JURY'S PROVINCE AS SOLE FACT FINDERS, AND ULTIMATELY DEPRIVE MR. MOSHER OF HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL? WAS TRIAL COUNSEL INEFFECTIVE FOR PERMITTING THE ADMISSION OF INADMISSIBLE EVIDENCE VOUCHING FOR THE COMPLAINANT'S CREDIBILITY?
>
> II. DID THE TRIAL COURT VIOLATE MR. MOSHER'S DUE PROCESS RIGHTS BY PERMITTING THE PROSECUTOR TO INTRODUCE A SEPARATE SEXUAL ASSAULT ALLEGATION BY [ANOTHER ALLEGED VICTIM]? DID THE PREJUDICIAL EFFECT OF HER TESTIMONY SUBSTANTIALLY OUTWEIGH THE PROBATIVE VALUE?

(Appellant's Br., ECF No. 12-1, PageID.85.) The Michigan Court of Appeals affirmed the trial court by opinion entered May 21, 2015. (Op., ECF No. 12-1, PageID.149-151.)

Petitioner filed an application for leave to appeal to the Michigan Supreme Court raising the same two issues. (Appellant's Br., ECF No. 12-2, PageID.159.) That court denied leave by order entered May 2, 2016. (Order, ECF No. 12-2, PageID.216.)

Petitioner then returned to the trial court and, on November 17, 2016, filed a *pro per* motion for relief from judgment in accordance with MICH. CT. R. 6.500 *et seq*. Petitioner raised five new issues in his motion:

> III. THE INSUFFICIENT EVIDENCE RESULTING IN A CONVICTION WAS AGAINST THE GREAT WEIGHT OF THE EVIDENCE THEREBY HARMING HIS CONSTITUTIONAL RIGHT TO A FAIR TR[IA]L.

    IV.    THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ALLOWING ADMISSION OF HEARSAY (MRE 803.A) IN VIOLATION OF THE DEFENDANT[']S CONSTITUTIONAL RIGHT TO A FAIR TRIAL.

    V.    THE TRIAL COURT ABUSED ITS DISCRETION WHERE THE SITTING TRIAL COURT JUDGE HAD PREVIOUSLY PROSECUTED THE DEFENDANT IN A PRIOR COURT MATTER RESULTING IN EXTREME JUDIC[I]AL BIAS, THE JUDGE SHOULD HAVE RECUSED HIMSELF.

    VI.    THE DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COU[N]SEL BECAUSE BOTH HIS TRIAL AND APPELLATE COUNSELS FAILED TO INVESTIGATE AND PRESENT A SUBSTANTIAL DEFENSE BY FAILING TO CONDUCT A REASONABLE INVESTIGATION, INTERVIEW WITNESSES, AND CALL EXPERT TESTIMONY/WITNESSES AND/OR QUESTION THEM ADEQUATELY.

    VII.    THE DEFENDANT SUBMITS GOOD CAUSE AND PREJUDICE FOR FAILURE TO BRING THESE ISSUES IN LEAVE TO APPEAL PROCEEDINGS, AS INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL PREVENTED THE RAISING OF THESE ISSUES.

(Mot., ECF No. 12-2, PageID.229.) The trial court has not ruled on the motion.

On December 8, 2016, Petitioner filed his petition raising all seven of the issues stated above.

    II.    Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513

U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner raises seven issues in his habeas petition. With respect to Issues I and II, they were raised in Petitioner's direct appeal and he has properly exhausted his state court remedies. With respect to Issues III-VII, Petitioner acknowledges that he raised them for the first time in a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* filed just three weeks before Petitioner filed his habeas petition. (Mot. and Br., ECF No. 12-2, PageID. 229-264; Pet., ECF No. 1.) As of the date Petitioner filed his amended petition, January 19, 2017, the trial court had not yet decided the motion and, therefore, the issues had never been presented to the Michigan Court of Appeals or the Michigan Supreme Court.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner is in the process of pursuing the one available procedure by which to raise Issues III-VII: a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to

exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied Petitioner's motion for reconsideration of his application for leave to appeal on July 26, 2016. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, October 24, 2016. Accordingly, absent tolling, Petitioner would have one year, until October 24, 2017, in which to file his habeas petition. In this case, however, Petitioner filed a post conviction motion for relief on November 17, 2016, tolling the running of the period of limitation under 28 U.S.C. 2244(d)(2) after it had run for less than one month.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[1] Petitioner has far more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore a stay of these proceedings is not warranted. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that

---

[1] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 332.

an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner

should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated: February 17, 2017 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE